FILED
SUPERIOR COURT
OF GUAM

2020 DEC 14 PM 3: 05

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0712-19 |
| vs. | |
| **JERROLD MARCK SPRINGS,** DOB: 04/08/1998 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 8, 2020, upon the Defendant Jerrold Marck Springs' Motion for Dismissal with Prejudice ("Motion") filed July 7, 2020. Defendant Jerrold Marck Springs ("Defendant") is represented by Assistant Alternate Public Defender Peter J. Santos. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On January 3, 2020, the Defendant was charged via Indictment with: 1) Aggregated Theft (as a Second Degree Felony); and 2) Fraudulent Use of a Credit Card (as a Third Degree Felony). *See* Indictment (Jan. 3, 2020). According to the Declaration attached to the Magistrate's Complaint, the charges against the Defendant stem from several incidents that occurred between November 3 and November 9, 2020, wherein the Defendant is alleged to have used the debit card of Jamie Salas ("Victim") and withdrew approximately Two Thousand and Ninety Dollars ($2,090.00). *See* Magistrate's Compl. (Dec. 28, 2019). The Defendant is in a

relationship with the Victim's daughter. *Id.* According to both the Victim and her daughter, the Victim allowed her daughter to use her debit card to purchase food, but never gave or authorized the Defendant to use her debit card. *Id.*

On June 25, 2020, the Defendant paid Two Thousand and Ninety Dollars ($2,090.00) cash to the Public Defender Services Trust fund for the purposes of repaying the Victim for the amount lost on her debit card. Def.'s Mot. at 2. Subsequently, on June 29, 2020, the Victim received the check and submitted a written statement stating: "I agree to close this case due to Jerrold Marck Springs payment for the money he stole from me." *Id.* at Ex. A. According to the Victim, she no longer wishes to pursue prosecution of the instant case. *Id.* at 3-4.

On July 7, 2020, the Defendant filed the instant motion, seeking dismissal of his case, with prejudice, as an inappropriate prosecution pursuant to Title 8 GCA § 80.70 and Title 9 GCA § 7.67, because it would be in the best interest of justice. Def.'s Mot. at 4-6. Specifically, the Defendant argues that dismissal is proper because he did not engage in the fraudulent use of a credit card as defined in Title 9 GCA § 46.35, and because he has paid back restitution. *Id.* Further, the Defendant seeks dismissal on the grounds that the Victim has agreed to close the instant case. *Id.*

On July 29, 2020, the People filed their Opposition. The People oppose dismissal on the grounds that the civil compromise statute, Title 8 GCA § 80.90, is only applicable in misdemeanor cases and not felonies. Opp. at 2. Further, the People argue that any familial nature between the Defendant and the Victim does not change the fact that the Defendant victimized the woman multiple times, hence the aggregated theft charge. *Id.* The People however, concede that the Defendant should not have been charged with the Fraudulent Use of a Credit Card and agree that Charge Two should be dismissed. *Id.* at 4. Nonetheless, the People request that the Court deny the Defendant's motion as to Charge One – Aggregated Theft (as a Second Degree Felony). *Id.*

On October 8, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

The Defendant argues that dismissal is warranted under Title 9 GCA § 7.67(b) as an inappropriate prosecution. Guam law provides, in relevant part, that the prosecution of a defendant shall be dismissed if:

> [H]aving regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, [the court] finds that the defendant's conduct . . . [d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction [.]

*See* 9 GCA § 7.67(b). Title 8 GCA § 80.70(c) allows the court to dismiss a prosecution pursuant to 9 GCA § 7.67. *See* 8 GCA § 80.70(c). Here, the Defendant argues that when a case involving family members is resolved within the family, and when the victim is made whole and no longer wishes to press charges, the prosecuting attorney has the discretion to dismiss the case in the best interest of justice. *See* 8 GCA § 80.70(a). The People, on the other hand, argue that the charges should not be dismissed simply because the Defendant paid back the money. Specifically, the People assert that the Defendant inappropriately requests to have the instant case dismissed on the basis of civil compromise.

Title 8 GCA § 80.90 provides, "[w]hen the defendant has been charged with the commission of an offense **which is not a felony** for which the person injured by the act constituting the offense has a remedy by a civil action" and "if the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he was received satisfaction for the injury," then "the cart may, upon payment of the costs incurred, order the criminal action dismissed." 8 GCA §§ 80.90(a)(-(b) (emphasis added).

Here, the Defendant provides the Court with the Victim's written statement stating "I agree to close this case due to Jerrold Marck Springs payment for the money he stole from me." Def.'s Mot., Ex. A. Such language infers a civil compromise between the two parties. However, a plain reading of Section 80.90 indicates that only *misdemeanor* charges may be compromised and dismissed through a civil agreement between alleged victims and defendants. *See Teleguam*

*Holdings*, LLC v. Guam 2015 Guam 13 ¶ 18 ("Statutory interpretation always begins with the language of the statute."); *see also Sumitomo Constr., Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17 ("The plain meaning will prevail where there is no clearly stated legislative intent to the contrary."). Defendant was charged with two felony charges. Thus, because the Defendant's charges do not fall under the types of matters which can be dismissed under Title 8 GCA § 80.90, the Court must deny the Defendant's Motion for Dismissal with Prejudice.

Finally, as aforementioned, the People concede that the Defendant should not have been charged with the Fraudulent Use of a Credit Card and agree that Charge Two should be dismissed. Accordingly, the Court grants the Defendant's Motion for Dismissal with Prejudice as to Charge Two – Fraudulent Use of a Credit Card.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** *in part* and **DENIES** *in part* the Defendant's Motion for Dismissal with Prejudice. The Court will dismiss Charge Two – Fraudulent Use of a Credit Card (as a Third Degree Felony), but will not dismiss Charge One – Aggregated Theft (as a Second Degree Felony).

**IT IS SO ORDERED** ___DEC 1 4 2020___.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, APO_____

Date: _9/14/20_ Time: _3:05pm_ .
_Antonio__ Cruz_
Deputy Clerk, Superior Court of Guam